# Case No. 13,373.

## STEPHENSON v. HOYT.

[1 MacA. Pat. Cas. 292.]

Circuit Court, District of Columbia. March, 1854.

PATENTS—INTERFERENCES—TEST OF INTERFERENCE—PRIORITY OF INVENTION—REDUCTION TO PRACTICE—OMNIBUS STEPS.

[1. On the question whether an interference exists between an application and an existing patent, the nature and extent of the patentee's invention is not necessarily to be ascertained from his specification and claim alone, but the same may be shown by parol evidence; for under the sixth and eighth sections of the act of 1836, which must be construed together, the applicant is not entitled to a patent if it appears that any part of that which he claims as new had before been invented, discovered, or patented, etc.]

[2. Proof that at a particular time the inventor made drawings of his invention is sufficient evidence of reduction to practice.]

[3. Where the end proposed by two inventors is the same, namely, to secure the step of an omnibus from unauthorized use by boys, and also to keep mud from dashing upon it, and both accomplish the result by combining a shield with the coach door so as to cover the step when the door is closed, the inventions must be considered as substantially the same, so as to constitute an interference, although one inventor so constructs the step that it forms part of the body of the omnibus, while the other makes it separate from the body, and afterwards attaches it thereto.]

[This was an appeal by John Stephenson from a decision of the commissioner of patents, in an interference proceeding, awarding to William H. Hoyt priority of invention in respect to an improved step for omnibuses.]

MORSELL, Circuit Judge. On the 25th October, 1852, the appellant, John Stephenson, presented his petition to the commissioner for a patent for his invention of a new and improved step for omnibuses. In his accompanying specification he states that "the nature of his invention is to make a more safe, comfortable, cleanly, and elegant step than those now in use, and, in combination with the shield, secure the step from improper use; that the independent boxed and shielded step is in two parts." He proceeds to give a particular description of said parts according to his drawings and model, and then says: "These parts united form the boxed step A, which is usually attached by the legs N N to the tail-block of the carriage parts, but may be fastened to the body at or near the door-sill." Then he particularly describes the shield, which is attached to the lower part of the door in such manner as to form the outer covering to the boxed step, thus shielding the steps from use when the door is closed. Again he says: "What I claim, and desire to secure by letters-patent, is the independent boxed omnibus step, in combination with the shield, in form and construction substantially as described."

A similar application in some respects was made by Thomas Coles, who was one of the parties in this controversy before the com-

missioner; but as he has since abandoned his claim, he will be considered as no party to this appeal, and as out of the case.

As to William H. Hoyt, the appellee, right is derived to him under a patent issued the 27th May, 1851, (No. 8,119,) for his invention of a new and useful improvement in omnibus steps. In his specification he particularly describes the construction of it, and refers to the accompanying drawings as part thereof. He states that the nature of his improvement consists in having a rear portion of the body of an omnibus project downwards sufficiently to form a step, said step being covered by the door when closed, by which arrangement the accidents daily occurring in consequence of persons standing upon the steps of omnibuses as at present constructed are entirely prevented. He further says: "What I claim as new, and desire to secure by letters-patent, is the manner of constructing the step as described, viz., by having a portion, B, of the body of the omnibus projecting downwards a suitable distance, the bottom of said projection B forming the step C, and so arranged as to be perfectly covered and protected by the door D, when closed, substantially as described."

The commissioner being of opinion that the patent thus applied for by the appellant would interfere with the said unexpired patent of said William H. Hoyt, refused to grant the same. And for the purpose of trying the issues between the parties a day was appointed, and the parties allowed to take testimony accordingly; and which being duly taken and laid before the commissioner, together with the arguments of the parties by their counsel, on the 26th of September, 1853, the commissioner says: "This cause came up for hearing on the 12th instant; and on careful consideration of the testimony duly taken and transmitted by the three parties aforesaid, I do decide, in accordance with the reasons given in my opinion filed this day, that W. H. Hoyt is the prior inventor of the covered omnibus step." From this decision and consequent refusal Mr. Stephenson hath appealed and filed his reasons, with a petition that it may be heard and determined.

The first and fifth reasons may be considered in substance as embracing the same matter—that the commissioner erred in deciding that it appeared from the testimony that the independent boxed and shielded omnibus step was not a new and useful invention, so essentially differing from that conveyed by the patent of Hoyt as to entitle Stephenson to letters-patent for the same. The second, because he decided that Hoyt was legally to be regarded as the original inventor of the covered or protected omnibus step. Third, because he decided that Hoyt's delay in applying for a patent until 1851 did not operate as an abandonment of his alleged invention. Fourth, because he decided that the invention of Hoyt and Stephenson sought to effect the same result by the same means. The sixth

and last is a general reason as to the facts proved, and his conclusions of law from those facts. The grounds of the commissioner's decision, which he is required by the eleventh section of the act of March 3, 1839 [5 Stat. 354], fully to set forth in writing, touching all the points involved by the reasons of appeal, (and to which the revision must be confined,) the commissioner states are to be found in the opinion and reasons before alluded to filed on the said 26th of September, 1853, in which he says: "The main object sought to be accomplished in all these cases is the construction of a covered omnibus step so arranged that the opening of the door removes the covering. This object is attained in each case by means almost identical in their general character. If Hoyt was the prior inventor, he must be so declared, and his patent will still cover just what he invented, and no more. The evidence shows that Hoyt conceived the idea in 1846; that he marked it out with chalk on a board and drew a plan on paper; and the witnesses state that the plan was sufficiently described to enable a workman to construct what was there represented. This date is long prior to that fixed for the inventions of Cole or Stephenson. * * * It is not necessary to have actually constructed a machine in order to give a date to the time of invention. A drawing that sufficiently embodies the entire idea is enough for this purpose."

The commissioner says his only doubt is as to the presumption of abandonment arising from the lapse of time between the date of his invention and his application for the patent; but is satisfied from the circumstances proved that such a conclusion would not be warranted in this case. The circumstances are that Hoyt was a workman for Kipp & Brown; that when he made his invention he proposed to them to try it on their omnibuses, which they promised to do as soon as they should have any new ones constructed; that before this event occurred their establishment was burned down, and that as soon as they were in a condition to construct a new omnibus they made them with this device, and Hoyt about the same time applied for a patent. The conclusion to which he comes is that these circumstances are sufficient to rebut the conclusion of any abandonment on the part of Hoyt of the design to apply his invention to use; and he therefore was of the opinion that Hoyt must be regarded as the prior inventor of the covered omnibus step.

Notice of the time and place of hearing having been given, the commissioner, according to law, laid before me all the original papers and evidence in the case, together with the grounds of his decision, set forth in writing, touching the points involved by the reasons of appeal; and the case has been submitted to me upon written arguments. The order of the argument in reply to the report of the commissioner has been much the same with

that of the reasons. With respect to the construction of the patent and specification, and the rule of law by which the interference in this case is to be tested, the commissioner has said: "If Hoyt was the prior inventor he must be so declared, and his patent will still cover just what he invented, and no more." The position of the appellant's counsel is that the nature and extent of invention of Hoyt is to be determined from the specification and claim upon which his patent is founded—"not what Hoyt's idea was when he made his first drawing, or what kind of step and cover he now makes and uses, but what his patent actually secures to him." This rule, I think, is too broadly laid down as applicable to this case. The sixth and eighth sections of the act of congress of 1836, c. 357 [5 Stat. 119, 120]. must be taken together in construction, by which the applicant for a patent to entitle himself (and before the commissioner can be authorized to issue the patent) must appear to be the original and first inventor or discoverer, and it must appear that no part of that which is claimed as new had before been invented, discovered or patented, &c.; and upon appeal by an applicant it may be determined whether he is or is not entitled to a patent; and of course this becomes the duty of the appellate tribunal.

It is true under particular circumstances a subsequent inventor may be entitled to a patent, and perhaps for any part not clearly described in the patent and specification of the first and original inventor; but it can only be so where the subsequent inventor believes himself to have been the first and original inventor, and where he had no knowledge of the original invention—where no such public use was made of it that such knowledge was attainable, or where such part had not been perfected and was abandoned. To support his position the appellant refers to Le Roy v. Tatham, 14 How. [55 U. S.] 176. In this case the court say: "But we must look to the claim of the invention stated in their application by the patentees." And again: "The patentees have founded their claim on this specification, and they can neither modify nor abandon it, in whole or in part. The combination of the machinery is claimed, through which the new property of lead was developed, as a part of the process in the structure of the pipes. But the jury were instructed 'that the originality of the invention did not consist in the novelty of the machinery, but in bringing a newly-discovered principle into practical application.'" This was the case for an infringement of a patent. In such a case the plaintiff could only recover for a violation of that which he had an exclusive right to, and that could be nothing more than his patent and specification covered in plain, clear terms. But I have endeavored to show that the question in this case is entirely different, and, therefore, the decision is inapplicable.

What, then, are the circumstances as to this point? Brown, one of the witnesses, proves that Hoyt explained his plan of a protecting omnibus step to him, in the presence of Runyon and Kipp, in November or December, 1846, and at the same time made a drawing of it both on board and on paper. The original drawing or paper was shown and recollected and sworn to by the witness, but it has since been lost by the commissioner. The protected step described by Hoyt in 1846 was like the one described in Hoyt's patent, subsequently attached to witness' omnibus by direction of Hoyt. He well understood it, and could have made one from the drawing. He intended to have put them on his new omnibuses, but was burnt out; and the first of the Hoyt steps which were applied to their omnibuses was in 1850. He used twenty-five or thirty. Kipp, another witness, proves the same facts, and that in the year 1846–'47 Hoyt urged that his step should be put on the omnibus of Kipp & Brown, and that it would have been so done, but that they were burnt out. Descamp, another witness, says that Glandat, of Philadelphia, had Hoyt's step on forty-four or forty-five omnibuses. Mr. Stephenson and Hoyt were residents of the same place. Under such circumstances, it will not, I think, be too much to say that a sufficient opportunity was afforded to Mr. Stephenson to attain a knowledge of the claim of Hoyt for his plan of a protected omnibus step. The first witness proves, also, that at the same time—that is, in December, 1846—said Hoyt made a drawing of it both on a board and on paper. This, on well-settled principles of patent law, must be considered as sufficiently reducing the invention to practice. On a comparison between the two inventions as described in the respective specifications, and unaided by the testimony of the witnesses, there certainly appears in the forms of the contrivances considerable differences and improvements, the structure of the one being a component part of the body of the omnibus and the consequent arrangement for the step, and the other a separate and independent step, until connected with the omnibus by being attached to it. That this latter is a better and improved mode of accomplishing the object in many respects, I strongly incline to think; but this may be the case, and still it may be a substantial interference with the principle of Hoyt's invention, though much more imperfect in its embodiment. Whatever that principle is, he has certainly a right to be protected in the enjoyment of it after it has become secured to him by patent. And as has been before seen, it is important in the decision of the questions involved that the appellant, to entitle himself to a patent, should appear to be the first original inventor, according to the principles of patent law as to the proper tests.

The object and end to be attained appear to have been the same, i. e., to secure the step, in combination with the shield when the door was shut, from improper use by the intrusion of boys standing upon it and the preservation of passengers from mud. This was to be effected, though in a somewhat different way, yet by substantially the same kind of operation, i. e., a shield arranged with the lower part of the door, to operate, when shut, to form a covering for the step, which forms a component part of the rear body of the omnibus or is connected to it by being attached to the same part. To effect this result appears to me to have been the great and principal aim of both. What, therefore, according to authorities on the subject of patent law, was the principle? Judge Washington, in the case of Gray v. James [Case No. 5,718], stating what he considers to be the test of the principle of a machine, says: "What constitutes a difference in principle between two machines is frequently a question of difficulty, more especially if the difference in form is considerable and the machinery complicated. But we think it may be safely laid down as a general rule that when the machines are substantially the same, and operate in the same manner to produce the same result, they must be in principle the same. I say substantially, in order to exclude all formal difference. And when I speak of the same result, I must be understood as meaning the same kind of result, though it may differ in extent; so that the result is the same, according to this definition, whether one produces more nails, for instance, in a given space of time than the other, if the operation is to make nails." So, also, Bovill v. Moore, Davies' Pat. Cas. 361–405: "It will be the same in substance if the principle be the same in effect, though the form of the machine be different." Many more authorities to the same point might be stated. I shall think one more enough. Curtis (section 224) says: "If the change introduced by the defendant constitutes a mechanical equivalent in reference to the means used by the patentee, and, besides being such an equivalent, accomplishes some other advantage beyond the effect or purpose accomplished by the patentee, it will still be an infringement as it respects what is covered by the patent, although the further advantage be a patentable subject as an improvement upon the former invention." [Curt. Pat.]

With respect to the extent of the protection in his exclusive property, Alderson (Baron) said (Webst. Pat. Cas. 144–146): "The difficulty that will press on you (the jury), and to which your attention will be called in the present case, is this: You can take out a patent for a principle, coupled with the mode of carrying the principle into effect, provided you have not only discovered the principle, but invented some mode of carrying it into effect. But then you must start with having invented some mode of carrying the principle into effect. If you have done that, you are entitled to protect yourself from all other modes of carrying the same principle into effect," &c. The rule of law is perhaps more accurately stated by Judge Washington in the nail manufacturing case just before referred to, in which he says: "The patent is for an improvement in the art of making nails by means of a machine which cuts and heads the nails at one operation. It is therefore not the grant of an abstract principle," &c. With these principles and tests, I will proceed to consider the two inventions in connection with the testimony.

The amount of the testimony, as stated by the witnesses on the part of the appellant, must, I think, be considered as proving that the box step and protector of the Stephenson invention is separate and independent of the omnibus body, and may be put on or taken off at pleasure, as stated in the specification; and when put on, it is done by attaching it thereto; that it possesses superior advantages over the Hoyt step; that the Hoyt step itself is a component part of the body of the omnibus, and not an independent thing; that they were found in practical use to be very imperfect (they weakened the back of the body and required the rear carriage part to be carried ahead); that omnibuses which had been used with these steps required much more time and expense to repair them and to apply them to the ordinary omnibuses. There was evidence, also, tending to prove that alterations had been made by Hoyt himself and others in his steps in some measure to resemble the Stephenson step, on account of the imperfections found in the practical use of the Hoyt step, according to the original plan; that by Hoyt's mode a good deal of room was taken away by cutting the piece out of the bottom side to make a step. As to the testimony on the part of the appellee, Brown—a witness before alluded to—a builder and repairer of coaches for twenty-seven years—in addition to what has already been stated of his testimony, says the protected step described by Hoyt in 1846 was like the one described in Hoyt's patent; he says it is the best in use; that the cutting out for the step does not weaken the body of the omnibus nor require a new door to apply it to old omnibuses; the Hoyt step and the so-called Stephenson step can both be applied to the same omnibus; Hoyt's form is best; the drawing of Hoyt's letters-patent represents accurately the step and protection which Hoyt explained and drew out in 1846; he considers all the different forms in use as Hoyt's or bordering on Hoyt's step. John M. Runyon, a coachmaker, whose testimony has also been partly stated, corroborates Brown. He says that he has often made the step since it was shown to him in 1846, and as early as 1849

or 1850; Hoyt's is the best form of protected steps now in use; they have worn well; both the Hoyt step and the Stephenson form of it can be applied to the same omnibuses; the Stephenson form would be the most expensive; the principle is the same in all the covered steps; they all agree in the essential parts; Hoyt's can be applied to old omnibuses without making new doors, and does not weaken the body. Kipp, a coach-maker, as far as he goes, is substantially the same with the other two. James Foster, a coach-maker, has applied the Hoyt step; says that it does not weaken the body, is most convenient, and wears just as well; it is about three days' work to make and apply steps like Hoyt's. Francis Descamp: The testimony also of this witness has been partly stated. In addition he says: "Hoyt's form is better than Stephenson's; his step is very strong; they have been well tried on the forty-four or forty-five omnibuses of Glandat; those that were put on first well are there still." The testimony of one of the appellant's witnesses, George Fielding, who is stated to be a coach-maker and machinist, in some respects corroborates what is said by the aforenamed witnesses of the appellee, as it respects the nature of the differences between the two machines, partaking of form in the embodiment rather than substance as to their principle.

On a very careful examination and comparison of the testimony on the different sides of the controversy in this case, which I have endeavored to make, I find it is true that there are considerable differences in the statements of the witnesses, but they are chiefly as to the Stephenson step being the most perfect form in which the idea or original principle has been clothed, consisting in the various advantages stated by them, rather than in the principle itself in the more imperfect form in which it has been presented by Hoyt, the appellee. His witnesses, if they are to be believed, prove that even as to this point the facts are not so, and that the Hoyt step is to be preferred. Beyond this they say, expressly and positively, that the principle in both inventions is the same; that there is no essential difference. These witnesses are stated to be experienced machinists and coach-makers, skilled in this very branch of business. Their opinions and judgment, therefore, must be allowed due weight, and I think gives the preponderance in favor of Hoyt.

As before noticed, the evidence very clearly shows that Hoyt's said invention was several years prior to that of Stephenson. Upon full consideration, therefore, of the whole case, I am of opinion that the said William H. Hoyt was the prior inventor of the said improved omnibus step and cover as in his specification is described, and that the said invention of the independent boxed and shielded step, for which the said Stephenson asks a patent, does interfere with said Hoyt's invention, and that the said decision of the commissioner of patents be, and the same is hereby, affirmed.